**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 15-43244 |
| Anthony P. Diaz, Debtor. | Judge Deborah L. Thorne |
| Sara Coady, Plaintiff, | Chapter 7 |
| v. | Trustee Gregg Szilagyi |
| Anthony P. Diaz, Defendant. | Adversary Proceeding No. 16-00108 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Sara Coady ("Ms. Coady"), by and through her attorneys, Daniel P. Lindsey and LAF, moves pursuant to Bankruptcy Rule 7056 for Summary Judgment on her Complaint to Determine Dischargeability of Debt.

**I.      INTRODUCTION**

In August 2013, at the scene of the Hard Rock Hotel in downtown Chicago, Defendant beat Ms. Coady so badly that she was taken by ambulance to the hospital and treated over the course of several hours for a concussion, two black eyes, and soft tissue damage to her jaw. Defendant was charged and convicted of domestic battery. In 2014, based on the same acts, Ms. Coady filed a civil lawsuit. The suit was resolved when Defendant stipulated to a judgment awarding Ms. Coady damages in the amount of $100,000.

1

When Ms. Coady began trying to collect on her judgment, Defendant filed a chapter 7 bankruptcy.  Such was Defendant's right, but it is not his right to discharge a debt incurred for "willful and malicious injury."  11 U.S.C. § 523(a)(6).  The subject debt clearly falls under this definition.  In his Answer, Defendant admits that he was convicted of domestic battery, and he admits that he stipulated to a civil judgment, based on the same acts, in the amount of $100,000.  And yet, Defendant also asks this court to find that his debt is dischargeable.  This it cannot do.  Defendant is collaterally estopped from denying the nature of the acts for which he was criminally convicted, and which were later reduced to the civil judgment and damages award at issue herein.

II.    FACTUAL BACKGROUND

On or about August 23, 2013, near the Hard Rock Hotel, located at 230 N. Michigan, Chicago, Illinois, Defendant committed multiple acts of assault and battery against Ms. Coady.  Statement of Facts ("SOF"), ¶ 6.  Ms. Coady was hurt so badly that she was taken from the scene of the Hard Rock Hotel by ambulance to the hospital for treatment.  SOF, ¶ 7.  Ms. Coady was treated at the hospital for approximately 6-8 hours for a concussion, two black eyes, and soft tissue damage to her upper jaw.  SOF, ¶ 8.

Based on the acts of battery and assault committed against her near the Hard Rock Hotel, Defendant was arrested, charged, and convicted of domestic battery in the Circuit Court of Cook County, Criminal Case No. 2013 DV 8207701.  SOF, ¶ 9.  As part of his sentence, a two-year order of protection was entered against Defendant.  SOF, ¶ 10.

Based upon the above described acts, Plaintiff filed a civil lawsuit against defendant, Coady v. Diaz, Case No. 14 L 8745, in the Circuit Court of Cook County, Law Division, alleging counts of assault, battery, and false imprisonment.  On May 8, 2015, the court entered a

2

Stipulated Judgment Order awarding damages in the amount of $100,000 in favor of Plaintiff and against Defendant. Defendant was represented by counsel in the civil lawsuit, including at the time of the entry of the Stipulated Judgment Order. SOF, ¶¶ 11-14.

### III. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Bankruptcy Rule 7056 incorporates by reference Fed. R. Civ. P. 56. Under Rule 56, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *see Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). A genuine issue of material fact arises only if sufficient evidence favors the nonmoving party that a jury could return a verdict for that party. *Schuster*, 327 F.3d at 573, citing, *Wade v. Lerner New York, Inc.*, 243 F.3d 319, 321 (7th Cir. 2001). Further, a genuine issue of material fact is one that might affect the outcome of the lawsuit, and factual disputes that are irrelevant will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2548 (1986). In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. *See Stinnett v. Iron Works Gym,* 301 F.3d 610, 613 (7th Cir. 2003). "Conclusory allegations alone cannot defeat a motion for summary judgment." *Thomas v. Christ Hospital and Medical Center*, 328 F.3d 90, 892-93 (7th Cir. 2003).

### IV. ARGUMENT

The issue here is whether the debt owed to Ms. Coady was incurred due to "willful and malicious injury" committed against her. 11 U.S.C. § 523(a)(6). A bankruptcy court in this district has defined the elements of Section 523(a)(6) as follows:

> The term "willful" means "deliberate or intentional," and "malicious" means "wrongful and without just cause or excuse even in the absence of personal

3

> hatred, spite or ill will." *In re Condict*, 71 B.R. 485, 487 (N.D.Ill.1987); *In re Meyer*, 7 B.R. 932, 933 (Bankr.N.D.Ill.1981). The debtor need not act with ill will or malevolent purpose towards the injured party. *In re Hallahan*, 78 B.R. 547, 550 (Bankr.C.D.Ill.1987), *aff'd*, 113 B.R. 975 (C.D.Ill.1990), *aff'd*, 936 F.3d 1496 (7th Cir.1991). Thus, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

*In re Odom*, 1992 WL 350575 (Bankr. N.D. Ill. 1991).

Clearly, the predicate acts underlying a criminal conviction for domestic battery meet the above definition. Indeed, more broadly, "[d]ebts which are based on intentional torts such as assault and battery are generally nondischargeable under section 523(a)(6)." *In re Odom*, 1992 WL 350575 (Bankr. N.D. Ill. 1991) (*citing Taradash v. Pokorny*, 143 B.R. at 182; *In re Price*, 123 B.R. 42, 45 (Bankr.N.D.Ill.1991); and *In re Rubitschung*, 101 B.R. 28, 30 (Bankr.C.D.Ill.1988)).

Defendant admits that he was charged, convicted, and sentenced for the crime of domestic battery:

> 22. Based on the acts of battery and assault committed against plaintiff near the Hard Rock Hotel, defendant was arrested, charged, and convicted of domestic battery in Circuit Court of Cook County Criminal Case No. 2013 DV 8207701.
> **ANSWER: Admit**

Answer (SOF, Exhibit 2), ¶ 22. Based on this criminal conviction, Defendant is collaterally estopped from claiming that he did not commit a willful and malicious injury against Ms. Coady.

The extent to which a criminal conviction creates collateral estoppel was examined in *Smith v. Sheahan*, 959 F. Supp. 841 (N.D. Ill. 1997), a case in which the defendant, as here, had been criminally convicted of assault and battery and was later sued civilly for the parallel torts. The *Smith* court acknowledged that, under Illinois law, a criminal conviction is not always given preclusive effect. Sometimes a conviction merely establishes *prima facie* evidence of the claim

4

alleged in the later proceeding. This commonly occurs with insurance coverage lawsuits, and with other types of cases where the later proceeding is collateral to the criminal conviction (e.g., adoption cases where the question is whether a party is an unfit parent based on the commission of a crime). *Smith*, 959 F. Supp. at 845-47.

But the *Smith* court observed that there are many cases in which the effect of a criminal conviction *is* preclusive. The court noted this rule of thumb: "It appears from the reported cases that a criminal conviction is more likely to be accorded a conclusive effect where the factual posture of both cases more closely track each other. *Id.* at 846. The court concluded: "The present case is one where the offense charged and proven in the criminal case closely tracks the tort alleged in the present civil action. It is appropriate to apply the ordinary collateral estoppel rules." *Id.* at 847. In *Smith*, the criminal offense charged and the subsequent tort alleged were the same: battery. The same underlying elements were present in both cases, hence the preclusive effect.

Here, too, the criminal conviction was for battery, as was the civil suit resulting in the judgment at issue. The underlying elements are the same in both cases (and the same as in *Smith*). Both the crime and the tort are battery, which is, by definition, a type of willful and malicious injury.

Moreover, the *Smith* case made clear that there is no difference between cases where a criminal defendant is convicted after trial and cases where a defendant is sentenced after entering a guilty plea. The court examined the case law of Illinois and other jurisdictions and noted that, whereas courts had historically made a distinction, the modern trend is "to permit a conclusive effect to be accorded to convictions based on guilty pleas." *Id.* at 844. This is likely related to the small percentage of criminal cases which actually go to trial in modern times, as opposed to

5

the great majority which are resolved through plea bargaining. Regardless, the modern trend is clear: "Consistent with this trend, later Illinois cases which consider the admission of a conviction generally make no reference to any distinction that previously existed between convictions based on guilty pleas and convictions based on trials on the merits." *Id.* at 844. Indeed, the Seventh Circuit Court of Appeals eventually laid this question to rest: "In this Circuit, a criminal conviction based upon a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted." *Nathan v. Tenna Corp.*, 560 F.2d 761, 763 (7th Cir. 1977).

The same predicate acts underlying Defendant's criminal conviction form the basis of Ms. Coady's civil suit for damages. Based on those acts, Ms. Coady sued Defendant for assault, battery, and false imprisonment. Defendant appeared and participated in the civil lawsuit. He was represented by an attorney. Through his attorney, Defendant stipulated to a final order which entered judgment in favor of Ms. Coady in the amount of $100,000. This is the debt for which she now seeks a determination of non-dischargeability.

At the time that the civil suit was filed, Defendant was already subject to the preclusive effect of the criminal battery conviction. All the civil lawsuit did was to liquidate the damages caused by Defendant's criminal activity. Now, Ms. Coady asks the court to determine that such damages are not dischargeable, because they arose from willful and malicious injury.

This case is strikingly similar to the case of *Taradash v. Pokorny*, 143 B.R. 179 (N.D. Ill. 1992). Pokorny filed for relief under chapter 7. He had previously been convicted of battery (via a guilty plea), and he was subsequently sued civilly by his victim, Taradash, for the same bad acts. In the civil case, Taradash was awarded a judgment of $4,000. As the court put it, "the amount of plaintiff's damages by reason of the conduct complained of was liquidated by the state

6

court civil judgment." *Pokorny*, 134 B.R. at 182. Pokorny listed the debt in his bankruptcy case. Taradash filed an adversary asking the court to find the debt non-dischargeable under 11 U.S.C. § 523(a)(6).

Pokorny defended the adversary claiming that Taradash had impugned his honor and had triggered his bad acts by insulting him with ethnic slurs. The court rejected Pokorny's efforts to re-open the criminal and civil judgments. Noting the established doctrine of collateral estoppel, the court concluded thus:

> Apart from the foregoing authority, the requirements of collateral estoppel, as discussed in *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987), have clearly been satisfied on this record. The criminal case verdict decided the willful and malicious issue, and the civil judgment decided the amount of debt. Those elements were necessarily resolved by the prior judicial determinations. *See In re Nunez*, 95 B.R. 566, 570–72 (Bankr.N.D.Ill.1988) (giving collateral estoppel effect to criminal and civil battery proceedings in a § 523(a)(6) dischargeability complaint).

Pokorny, 134 B.R. at 182.

Other bankruptcy courts in this district have found debtors to be collaterally estopped on the same facts. In *In re Nunez*, 95 B.R. 566 (Bankr. N.D. Ill 1988), a criminal battery conviction led to a preclusive finding of civil liability and to entry of a $13,500 damages award held to be non-dischargeable under Section 523(a)(6). *In re Nunez*, 95 B.R. 566 at 570-72. Likewise, in *In re Odom,* 1992 WL 350575 (Bankr. N.D. Ill. 1991), the court held that a civil judgment of over $1,000,000 was non-dischargeable based on the preclusive effect of the prior criminal conviction for battery. *In re Odom,* 1992 WL 350575 at \*\*4-6.

In the instant case, Defendant admits the criminal conviction. SOF, ¶ 9. He also admits that he stipulated to a judgment in favor of Ms. Coady in the amount of $100,000. SOF, ¶ 11-14. But Defendant tries to thread the needle. In admitting that he agreed to the Stipulated Judgment Order, he answers as follows:

7

      26.    On May 8, 2015, the court entered a Stipulated Judgment Order awarding damages in the amount of $100,000 in favor of plaintiff and against defendant. Exhibit B.

      **ANSWER: Admit that the stipulated judgment was entered but the Debtor further states that it was not because he admitted to the allegations but that he only entered into the stipulated judgment due [sic] other factors, namely his financial situation and inability to continue to find representation.**

Answer (SOF, Exhibit 2), ¶ 26.

In *Pokorny*, the court rejected the debtor's effort to re-open the judgment in order to offer a defense of impugned honor. Here, Defendant's purported defense to the civil judgment is not honor, but poverty (although, curiously, he was able to retain counsel for his chapter 7 case and for this adversary). It does not matter. As per *Smith, Pokorny, Nunez, Odom,* and prevailing Seventh Circuit law, Defendant cannot re-open a judgment and seek to defend against it when he is collaterally estopped from doing so by a prior criminal conviction.

All that remains now is for this court to connect the final pair of dots, namely, to find that the civil judgment which liquidated the damages caused by Defendant's criminal acts is a non-dischargeable debt, just as the courts did in *Pokorny, Nunez,* and *Odom*.

### V.    CONCLUSION

For the reasons stated above, Ms. Coady respectfully moves this Court to grant summary judgment in her favor on her Complaint to Determine Dischargeability, and to find that, pursuant to 11 U.S.C. § 523(a)(6), the debt owed by Defendant to Ms. Coady is not dischargeable.

                                  Respectfully submitted,

                                  /s/ Daniel P. Lindsey
                                  Daniel P. Lindsey

Attorney for Plaintiff
ARDC ID# 6211163
LAF
120 South LaSalle Street, Suite 900
Chicago, IL 60603
Phone: 312-347-8365
E-mail: dlindsey@lafchicago.org