## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 15-43244 |
| Anthony P. Diaz,<br>Debtor. | Judge Deborah L. Thorne |
| | Chapter 7 |
| Sara Coady,<br>Plaintiff, | Trustee Gregg Szilagyi |
| v. | Adversary Proceeding No. 16-00108 |
| Anthony P. Diaz,<br>Defendant. | |

## PLAINTIFF'S LOCAL RULE 7056-1 STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff Sara Coady ("Ms. Coady" or "Plaintiff"), by and through her attorneys, Daniel P. Lindsey and LAF, submits her Statement of Uncontested Facts in Support of Motion for Summary Judgment under Local Rule 7056-1(A), and states as follows:

1. Ms. Coady brings the instant Complaint pursuant to 11 U.S.C. § 523(a)(6) to except a debt owed by Defendant-Debtor to Plaintiff, on the ground that said debt results from "willful and malicious injury by the debtor to" Plaintiff. Plaintiff's Complaint ("Exhibit 1"), ¶ 1.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the underlying chapter 7 bankruptcy case, In re Anthony P. Diaz, Case No. 15 B 43244. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and venue is proper pursuant to 28 U.S.C.§ 1409(a). Exhibit 1, ¶¶ 2-3.

3. Plaintiff is an individual residing in Cook County, Illinois.

4. Defendant is the individual Debtor in the underlying chapter 7 case and resides in Cook County, Illinois.

5. In her Complaint, Ms. Coady alleges numerous acts of battery committed against her by Defendant, causing her substantial injury.  Exhibit 1, ¶¶ 6-21.

6. In her Complaint, Ms. Coady alleges that Defendant committed acts of battery against her on or about August 23, 2013, said acts concluding near the Hard Rock Hotel, located at 230 N. Michigan, Chicago, Illinois.  Exhibit 1, ¶ 18.

7. In her Complaint, Ms. Coady alleges that she was taken from the scene of the Hard Rock Hotel by ambulance to the hospital for treatment.  Exhibit 1, ¶ 20.  Defendant admits this.  Defendant's Answer ("Exhibit 2"), ¶ 20.

8. In her Complaint, Ms. Coady alleges that she was treated at the hospital for approximately 6-8 hours for a concussion, two black eyes, and soft tissue damage to her upper jaw.  Exhibit 1, ¶ 21.  Defendant admits this.  Exhibit 2, ¶ 21.

9. In her Complaint, Ms. Coady alleges that, based on the acts of battery and assault committed against her near the Hard Rock Hotel, Defendant was arrested, charged, and convicted of domestic battery in the Circuit Court of Cook County, Criminal Case No. 2013 DV 8207701.  Exhibit 1, ¶ 22.  Defendant admits this.  Exhibit 2, ¶ 22.

10. In her Complaint, Ms. Coady alleges that, based upon the above described acts, Plaintiff obtained a two-year order of protection against Defendant.  Exhibit 1, ¶ 23.  Defendant admits this.  Exhibit 2, ¶ 23.

11. Based upon the above described acts, Plaintiff filed a civil lawsuit against defendant, Coady v. Diaz, Case No. 14 L 8745, in the Circuit Court of Cook County, Law Division. Exhibit 1, ¶ 24 and Exhibit A.  Defendant admits this.  Exhibit 2, ¶ 24.

12. The lawsuit alleged counts of assault, battery, and false imprisonment, based on the above described acts.  Exhibit 1, ¶ 25.  Defendant admits this.  Exhibit 2, ¶ 25.

13. On May 8, 2015, the court entered a Stipulated Judgment Order awarding damages in the amount of $100,000 in favor of Plaintiff and against Defendant.  Exhibit 1, ¶ 26 and Exhibit B.  Defendant admits this.  Exhibit B, ¶ 26.

14. Defendant was represented by counsel in the civil lawsuit, including at the time of the entry of the Stipulated Judgment Order.  Exhibit 1, ¶ 26 and Exhibit B.

Respectfully submitted,


/s/ Daniel P. Lindsey
Daniel P. Lindsey


Attorney for Plaintiff
ARDC ID# 6211163
LAF
120 South LaSalle Street, Suite 900
Chicago, IL 60603
Phone: 312-347-8365
E-mail: dlindsey@lafchicago.org

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No 15-43244 |
| Anthony P. Diaz, | Judge Deborah L. Thorne |
| Debtor | Chapter 7 |
| | Trustee – Gregg Szilagyi |
| Sara Coady,<br><br>     Plaintiff,<br><br>v.<br><br>Anthony P. Diaz,<br><br>     Defendant. | Adversary Proceeding No.<br><br>_____ |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

### Preliminary Statement

1.    This adversary complaint is filed pursuant to 11 U.S.C. § 523(a)(6) to except from discharge a debt incurred for willful and malicious injury inflicted by the defendant-debtor upon the plaintiff.

### Jurisdiction and Venue

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 as this action arises in and relates to the bankruptcy case, *In re Diaz,* Case No.



EXHIBIT

15 B 43244, filed on December 24, 2015.    This proceeding is a core proceeding under 28 U.S.C.

§ 157(b)(2)(I).

    3.      Venue is proper in this district under 28 U.S.C. § 1409(a).

### Parties

    4.      The plaintiff, Sara Coady, is an individual residing in Chicago, Illinois.

    5.      The defendant, Anthony P. Diaz, is the debtor in case number 15 B 43244, is an

individual who resided in Cook County, Illinois, when this case was filed, and has not filed a

change of address with the Court since the petition was filed.

### Statement of Facts and Law

    6.      On repeated occasions between August 2012 and August 2013, and as further

described below, defendant committed acts of assault, battery and false imprisonment against

plaintiff.

    7.      Specifically, on or about August 21, 2012, at or near Hastings, Minnesota,

defendant intentionally and without lawful justification raised his hand to plaintiff as if intending

to strike her, and for the purpose of threatening to do so, thus committing an act of assault

against plaintiff.

    8.      Defendant's threat caused plaintiff to fear for her imminent harm.

    9.      Defendant's threat constituted an assault on plaintiff which proximately caused

her to suffer emotional distress.

    10.      On or about October 8, 2012, at or near 13505 S. Avenue O, Chicago, Illinois,

defendant intentionally and without lawful justification punched and choked plaintiff, which acts

were unwelcome and injurious to plaintiff and constituted battery against her.

11.    Defendant's battery proximately caused plaintiff to suffer serious physical and emotional injury.

12.    On or about October 8, 2012, on the premises of 13505 S. Avenue O, Chicago, Illinois, defendant did intentionally and without lawful justification and with the threat of and use of force prevent plaintiff from leaving a bedroom for a period of about 15-30 minutes, and did thus falsely imprison plaintiff.

13.    Defendant's false imprisonment of plaintiff proximately caused her to suffer the loss of her liberty and caused her serious emotional distress.

14.    On or about October 10, 2012, at or near 13505 S. Avenue O, Chicago, Illinois, defendant did intentionally and without lawful justification strike and push plaintiff, which contact was unwelcome to plaintiff and constituted a battery against her.

15.    Said battery caused plaintiff to suffer serious physical and emotional injury.

16.    On or about December 29, 2012, at or near 13505 S. Avenue O, Chicago, Illinois, defendant did intentionally and without lawful justification punch plaintiff, which contact was unwelcome to plaintiff and constituted a battery against her, and defendant did then threaten, verbally and by gesture, to punch plaintiff again, which caused plaintiff to fear for her imminent harm, thus constituting a further assault against her.

17.    Said battery and assault caused plaintiff to suffer serious physical and emotional injury.

18.    On or about August 23, 2013, at or near the intersection of northbound Michigan Avenue and Van Buren Street, and continuing on as defendant drove plaintiff and himself to the

3

Hard Rock Hotel, located at 230 N. Michigan, Chicago, Illinois, defendant did intentionally and without lawful justification repeatedly punch, push, and choke plaintiff, which contact was unwelcome to plaintiff and constituted a series of batteries, and defendant did threaten, verbally and by gesture, to punch plaintiff further, thereby committed further acts of assault against her.

19.    Said acts of battery and assault proximately caused plaintiff to suffer serious physical and emotional injury.

20.    Plaintiff was taken from the scene of the acts of battery and assault committed against her near the Hard Rock Hotel via ambulance to the hospital for treatment.

21.    Plaintiff was treated at the hospital for approximately 6-8 hours for a concussion, two black eyes, and soft tissue damages to her upper jaw.

22.    Based on the acts of battery and assault committed against plaintiff near the Hard Rock Hotel, defendant was arrested, charged, and convicted of domestic battery in Circuit Court of Cook County Criminal Case No. 2013 DV 8207701.

23.    Based upon the above described acts, Plaintiff obtained a two-year order of protection against defendant.

24.    Based upon the above described acts, Plaintiff filed a civil lawsuit against defendant, Coady v. Diaz, Case No. 14 L 8745, in the Circuit Court of Cook County, Law Division. Exhibit A.

25.    Said lawsuit alleged counts of assault, battery, and false imprisonment, based upon the above described acts.

4

26.    On May 8, 2015, the court entered a Stipulated Judgment Order awarding damages in the amount of $100,000 in favor of plaintiff and against defendant.    Exhibit B.

27.    Plaintiff began post-judgment collection actions against defendant.    In November 2015, plaintiff discovered and froze defendant's bank account, which contained about $2,800.

28.    Before plaintiff could complete the seizure of this asset, defendant filed a chapter 7 bankruptcy petition.

29.    In Schedule F of the bankruptcy petition, defendant lists Sara Coady as an unsecured creditor owed $100,000.    The debt is listed as "contingent" and "disputed," even though the debt arose from the above described Stipulated Judgment Order.

30.    In the Statement of Financial Affairs, defendant lists the above lawsuit as one for "other personal injury," although it was for assault, battery and false imprisonment, and defendant lists the lawsuit as "pending," although a final judgment order was entered against defendant on May 8, 2015.    Exhibit B.

31.    The above described acts of assault, battery, and false imprisonment constitute willful and malicious injury committed by the defendant against the plaintiff and, under 11 U.S.C. § 523(a)(6), the $100,000 debt arising from those acts is not dischargeable.

WHEREFORE, plaintiff prays that the Court:

a.   assume jurisdiction of this case;

b.   enter judgment in favor of plaintiff, Sara Coady, declaring that the $100,000 debt owed to her by the defendant-debtor, Anthony P. Diaz, is excepted from discharge, pursuant to 11 U.S.C. § 523(a)(6); and

c.   grant such other, further, and different relief as may be just and proper, including costs of this action.


_/s/ Daniel P. Lindsey_____
**Attorney for Plaintiff**


Daniel P. Lindsey
LAF
120 S. LaSalle St., Ste. 900
Chicago, IL 60603
(312) 347-8365
dlindsey@lafchicago.org
Attorney No. 6211163

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

Sara Coady,                          )
                                     )
              Plaintiff,             )
                                     )
v.                                   )  Case No.
                                     )
Anthony Diaz,                        )
                                     )
              Defendant.             )

## COMPLAINT AT LAW

Plaintiff, Sara Coady, by her attorney, Law Offices of Hall Adams, LLC, states as
follows for her complaint against defendant, Anthony Diaz, states as follows:

### Count I - Assault

1.      Defendant is a resident of the County of Cook, State of Illinois

2.      On or about 21 August 2012 at or near Hastings, Minnesota, defendant
intentionally and without lawful justification  raised his hand to plaintiff as if intending to strike
her and for the purpose of threatening to do so, which constituted an assault.

3.      Defendant's threat caused plaintiff fear imminent harm.

4.      Defendant's threat constituted an assault on plaintiff which proximately caused
plaintiff to suffer emotional distress damages.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against
defendant for a sum in excess of $50,000.00 plus costs and punitive damages.

Plaintiff demands trial by jury.

### Count II – Battery

1.      Defendant is a resident of the County of Cook, State of Illinois


EXHIBIT
A

Case 16-00108    Doc 21    Filed 06/22/16    Entered 06/22/16 16:50:13    Desc Main
Document    Page 11 of 21
Case 16-00108    Doc 1    Filed 02/11/16    Entered 02/11/16 16:20:02    Desc Main
Document    Page 8 of 11

2.      On or about 8 October 2012 at or near 13505 S. Avenue O, City of Chicago, County of Cook, State of Illinois, defendant intentionally and without lawful justification punched and choked plaintiff, which contact was unwelcome to plaintiff and constituted a battery.

3.      Defendant's battery proximately caused plaintiff to suffer serious physical and emotional injury.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00 plus costs and punitive damages.

Plaintiff demands trial by jury.

### Count III – False Imprisonment

1.      Defendant is a resident of the County of Cook, State of Illinois

2.      On or about 8 October 2012 at or near 13505 S. Avenue O, City of Chicago, County of Cook, State of Illinois, defendant intentionally and without lawful justification and by the use and threat of use of force did prevent plaintiff from leaving a bedroom of said premises for a period of 15-30 minutes and did thus falsely imprison plaintiff.

3.      Defendant's false imprisonment of plaintiff proximately caused plaintiff to suffer loss of liberty and emotional distress.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00 plus costs and punitive damages.

Plaintiff demands trial by jury.

2

### Count IV – Battery

1.    Defendant is a resident of the County of Cook, State of Illinois

2.    On or about 10 October 2012 at or near 13505 S. Avenue O, City of Chicago, County of Cook, State of Illinois, defendant did intentionally and without lawful justification strike and push plaintiff, which contact was unwelcome to plaintiff and constituted a battery.

3.    Defendant's battery proximately caused plaintiff to suffer serious physical and emotional injury.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00 plus costs and punitive damages.

Plaintiff demands trial by jury.

### Count V – Assault and Battery

1.    Defendant is a resident of the County of Cook, State of Illinois

2.    On or about 29 December 2012, at or near 13505 S. Avenue O, City of Chicago, County of Cook, State of Illinois, defendant did intentionally and without lawful justification punch plaintiff, which contact was unwelcome to plaintiff and constituted a battery, and did then threaten, verbally and by gesture, to punch plaintiff again, which caused plaintiff to fear imminent harm, which threats constituted an assault.

3.    Defendant's battery and assault of plaintiff proximately caused plaintiff to suffer physical and emotional injury.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00 plus costs and punitive damages.

Plaintiff demands trial by jury.

3

### Count VI – Assault and Battery

1.   Defendant is a resident of the County of Cook, State of Illinois

2.   On or about 23 August 2013 at or near the intersection of northbound Michigan Ave. and Van Buren Street and continuing to the Hard Rock Hotel, in the City of Chicago, County of Cook, defendant did intentionally and without lawful justification repeatedly punch, push and choke plaintiff, which contact was unwelcome to plaintiff and constituted a series of batteries, and threaten, verbally and by gesture, to punch plaintiff further, which caused plaintiff to fear further imminent harm, which threats constituted assaults.

3.   Defendant's batteries and assaults of plaintiff proximately caused plaintiff to suffer physical and emotional injury.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against defendant for a sum in excess of $50,000.00 plus costs and punitive damages.

Plaintiff demands trial by jury.

Respectfully submitted,

_____
One of Plaintiff's attorneys

Hall Adams
LAW OFFICES OF HALL ADAMS LLC
ADVOCATES' ROW
33 N. Dearborn St., Suite 2350
Chicago, IL 60602
P (312) 445 4900
F (312) 445 4901
Cook County No. 40587

4

#19

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| Sara Coady, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2014 L 8745 |
| | ) | |
| Anthony Diaz, | ) | |
| | ) | |
| Defendant. | ) | |

### *STIPULATED JUDGMENT ORDER*

This cause coming for hearing on the Motion for Entry of Stipulated Judgment, due

notice given, the court being advised in the premises, including the stipulation of the parties to

entry of this Order,

**IT IS ORDERED:**

Judgment be and hereby is entered in favor of plaintiff, SARAH COADY, and against

defendant, ANTHONY DIAZ, in the amount of $100,000.00, inclusive of costs.

Sal Sheikh
Law Offices of Sal Sheikh
542 South Dearborn Street
Suite 510
Chicago, Illinois 60605
312-532-8564

Hall Adams
Law Offices of Hall Adams LLC
33 N. Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312) 445-4900
F: (312) 445-4901
Attorney's No. 40587

Judge John P. Callahan, Jr.
MAY 08 2015
Circuit Court - 2016

**ENTERED:**

**EXHIBIT**
B

_____     _____
Judge                                           Date

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Anthony P. Diaz | ) | Judge Deborah L. Thorne |
| | ) | |
| Debtor. | ) | Case No. 15-43244 |
| _____ | ) | |
| | ) | |
| Sara Coady, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 16-108 |
| | ) | |
| Anthony Diaz, | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ANSWER TO ADVERSARY TO DETERMNE DISCHARGEABILITY OF A DEBT

Now Comes the Debtor and Defendant, Anthony P. Diaz and for his Answer to the Adversary to Determine Dischargeability of a Debt answers as follows:

1.      This adversary complaint is filed pursuant to 11 U.S.C. § 523(a)(6) to except from discharge a debt incurred for willful and malicious injury inflicted by the defendant-debtor upon the plaintiff.

**ANSWER: Defendant Admits this is an adversary proceeding pursuant to 11 U.S.C. § 523(a)(6)**

### Jurisdiction and Venue

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 as this action arises in and relates to the bankruptcy case, In re Diaz, Case No. 15 B 43244, filed on December 24, 2015.   This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

**ANSWER: Admit.**

1



3.      Venue is proper in this district under 28 U.S.C. § 1409(a).

**ANSWER: Admit**


## Parties

4.      The plaintiff, Sara Coady, is an individual residing in Chicago, Illinois.

**ANSWER: Admit**

5.      The defendant, Anthony P. Diaz, is the debtor in case number 15 B 43244, is

an individual who resided in Cook County, Illinois, when this case was filed, and has not

filed a change of address with the Court since the petition was filed.

**ANSWER: Admit**

## Statement of Facts and Law

6.      On repeated occasions between August 2012 and August 2013, and as further

described below, defendant committed acts of assault, battery and false imprisonment

against plaintiff.

**ANSWER: Denied.**

7.      Specifically, on or about August 21, 2012, at or near Hastings, Minnesota,

defendant intentionally and without lawful justification raised his hand to plaintiff as if

intending to strike her, and for the purpose of threatening to do so, thus committing an act

of assault against plaintiff.

**ANSWER: Denied**

8.      Defendant's threat caused plaintiff to fear for her imminent harm.

**ANSWER: Denied**

2

9.     Defendant's threat constituted an assault on plaintiff which proximately caused her to suffer emotional distress.

**ANSWER: Denied**

10.     On or about October 8, 2012, at or near 13505 S. Avenue, Chicago, Illinois, defendant intentionally and without lawful justification punched and choked plaintiff, which acts were unwelcome and injurious to plaintiff and constituted battery against her.

**ANSWER: Denied.**

11.     Defendant's battery proximately caused plaintiff to suffer serious physical and emotional injury.

**ANSWER: Denied**

12.     On or about October 8, 2012, on the premises of 13505 S. Avenue 0, Chicago, Illinois, defendant did intentionally and without lawful justification and with the threat of and use of force prevent plaintiff from leaving a bedroom for a period of about 15-30 minutes, and did thus falsely imprison plaintiff.

**ANSWER: Denied.**

13.     Defendant's false imprisonment of plaintiff proximately caused her to suffer the loss of her liberty and caused her serious emotional distress.

**ANSWER: Denied.**

14.     On or about October 10, 2012, at or near 13505 S. Avenue 0, Chicago, Illinois, defendant did intentionally and without lawful justification strike and push plaintiff, which contact was unwelcome to plaintiff and constituted a battery against her.

**ANSWER: Denied.**

15.     Said battery caused plaintiff to suffer serious physical and emotional injury.

**ANSWER: Denied.**

16.    On or about December 29, 2012, at or near 13505 S. Avenue 0, Chicago,

Illinois, defendant did intentionally and without lawful justification punch plaintiff, which

contact was unwelcome to plaintiff and constituted a battery against her, and defendant did

then threaten, verbally and by gesture, to punch plaintiff again, which caused plaintiff to

fear for her imminent harm, thus constituting a further assault against her.

**ANSWER: Denied.**

17.    Said battery and assault caused plaintiff to suffer serious physical and

emotional injury.

**ANSWER: Denied.**

18.    On or about August 23, 2013, at or near the intersection of northbound

Michigan Avenue and Van Buren Street, and continuing on as defendant drove plaintiff

and himself to the Hard Rock Hotel, located at 230 N. Michigan, Chicago, Illinois,

defendant did intentionally and without lawful   justification repeatedly punch, push, and

choke plaintiff,   which contact was unwelcome to plaintiff and constituted a series of

batteries, and defendant   did threaten, verbally and by gesture, to punch plaintiff further,

thereby committed further   acts of assault against  her.

**ANSWER: Denied.**

19.    Said acts of battery and assault proximately caused plaintiff to suffer serious

physical and emotional injury.

**ANSWER: Denied.**

20.    Plaintiff was taken from the scene of the acts of battery and assault committed against her near the Hard Rock Hotel via ambulance to the hospital for treatment.

**ANSWER: Admit that she was taken by ambulance to the hospital but denies it was due to an assault and/or battery.**

21.    Plaintiff was treated at the hospital for approximately 6-8 hours for a concussion, two black eyes, and soft tissue damages to her upper jaw.

**ANSWER: Admit**

22.    Based on the acts of battery and assault committed against plaintiff near the Hard Rock Hotel, defendant was arrested, charged, and convicted of domestic battery in Circuit Court of Cook County Criminal Case No. 2013 DV 8207701.

**ANSWER: Admit**

23.    Based upon the above described acts, Plaintiff obtained a two-year order of protection against defendant.

**ANSWER: Admit that an order of protection was obtained but deny any and all inferences taken therefrom.**

24.    Based upon the above described acts, Plaintiff filed a civil lawsuit against defendant Coady v. Diaz, Case No. 14 L 8745, in the Circuit Court of Cook County, Law Division. Exhibit A.

**ANSWER: Admit that the lawsuit was based on counts of assault, battery, and false imprisonment but deny any all allegations of the above-described acts.**

25.    Said lawsuit alleged counts of assault, battery and false imprisonment, based upon the above described acts.

**ANSWER: Admit that the lawsuit was based on counts of assault, battery, and false imprisonment but deny any all allegations of the above-described acts.**

26.    On May 8, 2015, the court entered a Stipulated Judgment Order awarding damages in the amount of $100,000 in favor of plaintiff and against defendant. Exhibit B.

**ANSWER: Admit that the stipulated judgment was entered but the Debtor further states that it was not because he admitted to the allegations but that he only entered into the stipulated judgment due other factors, namely his financial situation and inability to continue to find representation.**

27.    Plaintiff began post-judgment collection actions against defendant. In November 2015, plaintiff discovered and froze defendant's bank account, which contained about $2,800.

**ANSWER: Admit.**

28.    Before plaintiff could complete the seizure of this asset, defendant filed a chapter 7 bankruptcy petition.

**ANSWER: Admit that the defendant filed for chapter 7 bankruptcy protection.**

29.    In Schedule F of the bankruptcy petition, defendant lists Sara Coady as an unsecured creditor owed $100,000. The debt is listed as "contingent" and "disputed," even though the debt arose from the above described Stipulated Judgment Order.

**ANSWER: Admit**

30.    In the Statement of Financial Affairs, defendant lists the above lawsuit as one for "other personal injury," although it was for assault, battery and false imprisonment, and

6

defendant lists the lawsuit as "pending," although a final judgment order was entered against defendant on May 8, 2015.    Exhibit B.

**ANSWER: Admit**

31.    The above described acts of assault, battery, and false imprisonment constitute willful and malicious injury committed by the defendant against the plaintiff and, under 11 U.S.C. § 523{a)(6), the $100,000 debt arising from those acts is not dischargeable.

**ANSWER: Denied.**

WHEREFORE, Debtor prays that this matter be dismissed and/or a finding that the debt as alleged in this proceeding is dischargeable and for further relief as may be just and appropriate.

Dated: May 24, 2016                                    Respectfully submitted,
                                                       Anthony Diaz

                                        By:    /s/ Michael V. Ohlman
                                               One of their attorneys

Michael Jeffery Gunderson
The Gunderson Law Firm
444 North Michigan Ave. Ste. 1000
Chicago, IL 60611
Phone: 312-600-5000
Fax: 312-660-5555
mgunderson@gundersonfirm.com

and

Michael V. Ohlman #6294512
MICHAEL V. OHLMAN, P.C.
2130 West Bellmont Ave
Chicago, IL 60618
(312)626-2275phone
(312)276-8801 fax
mvohlman@ohlmanlaw.com